**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: September 16, 2025

S25Y1290. IN THE MATTER OF PAUL GERARD WERSANT.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Patrick H. Head, which recommends that this Court accept the petition for voluntary surrender of license filed by Paul Gerard Wersant (State Bar No. 748341) following his felony guilty plea convictions, which constitute a violation of Bar Rule 8.4(a)(2)[1] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102(d). The Bar initiated these proceedings under Bar Rule 4-106 when it became aware of Wersant's convictions, despite his apparent failure to notify the Bar

---

[1] Rule 8.4(a)(2) provides that it is a violation of the Georgia Rules of Professional Conduct for a lawyer to "be convicted of a felony."

of his convictions, as required by Bar Rule 9.1(a)(2).[2] The Bar then petitioned this Court for the appointment of a special master, and this Court appointed Head as the special master. A show cause hearing was held, at which Wersant expressed his intention to file a petition for voluntary discipline.

Wersant then filed such a petition, styled as a "Petition for Resignation/Voluntary Surrender of Licence [sic] to Practice Law." Wersant, who has been a member of the Georgia Bar since 2004, admits that, in February 2025, he entered a guilty plea in the Forsyth County Superior Court to two counts of interstate interference with custody and one count of filing false documents. Both of these crimes are felonies. See OCGA § 16-5-45(c)(3); OCGA § 16-10-20.1(c). Wersant requests that the Court accept the voluntary surrender of his license. The Bar filed a response recommending that Wersant's petition for voluntary surrender be

---

[2] This Rule requires that "[m]embers of the State Bar of Georgia shall, within sixty days, notify the State Bar of Georgia of … being convicted of any felony or of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law."

2

accepted. The special master then issued a report and recommendation also recommending that Wersant's petition be accepted. The special master noted that Wersant's misconduct included the filing of false documents, which it characterized as particularly egregious misconduct, and concluded that the appropriate sanction for such misconduct was disbarment.

Following the docketing of this matter in this Court, neither party submitted a response. Having reviewed the record, we agree to accept the special master's recommendation, which is consistent with prior similar cases. See, e.g., *In the Matter of Jones*, 320 Ga. 448 (2024) (accepting voluntary surrender of license where attorney violated Rule 8.4(a)(2)); *In the Matter of Williams*, 291 Ga. 659 (2012) (same); *In the Matter of Campbell*, 282 Ga. 688 (2007) (same).

Accordingly, it is hereby ordered that the name of Paul Gerard Wersant be removed from the rolls of persons authorized to practice law in the State of Georgia. Wersant is reminded of his duties pursuant to Bar Rule 4-219(b).

*Voluntary surrender of license accepted. All the Justices concur.*